UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06cr130RM |
| ) | |
| CEDRIC PEARSON, JR. ) | |

SENTENCING MEMORANDUM

When police arrested Cedric Pearson on June 21, 2006, they found on his person 15 small baggies of heroin and 2 loaded firearms. He has pleaded guilty to a charge of possessing a firearm after conviction of a felony. 18 U.S.C. § 922(g)(1).

A sentencing court must first compute the guidelines sentence, then decide whether the guidelines sentence is the correct sentence for that defendant. United States v. Santiago, 495 F.3d 820, 825 (7th Cir. 2007). Mr. Pearson objected to ¶¶ 6, 7, 16, 21, 23, 73, and 74 of the presentence report, all of which address the applicability of U.S.S.G. § 2K2.1(b)(6). The government had no objection to the presentence report. The court adopts as its own findings ¶¶ 1-5, 8-15, 17-20, 22, 24-72, and 75-83 of the presentence report, specifically including ¶¶ 52-71 concerning the defendant's financial condition and earning ability. The court employs the 2007 version of the sentencing guidelines.

The base offense level for possessing a firearm after conviction for 2 or more crimes of violence is 24. U.S.S.G. § 2K2.1(a)(2). Mr. Pearson correctly concedes that current law is against him concerning his objections to treating his prior

convictions as crimes of violence. Based on current law, the court overrules those objections.

The sentencing guidelines require a 4-level enhancement if the defendant possessed a firearm in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6). Noting the heroin wrapped for sale that Mr. Pearson possessed, the government and the presentence report recommend application of this enhancement. Mr. Pearson objects. He contends that Melvin Mohammed, the person he was with that day, tossed the drugs and gun to Mr. Pearson when police signaled for their car to stop, tossed them back after Mr. Pearson returned them to Mr. Mohammad, and ordered Mr. Pearson to run. Mr. Pearson so testified at Mr. Mohammad's trial.

The government notes 3 crimes that Mr. Pearson may have committed in connection with his possession of the firearms. The court cannot agree as to any. The court is not persuaded that Mr. Pearson possessed the heroin with the intent to distribute it. The court is unaware of any case in which the Indiana courts have held that simple possession of firearms makes flight from police an act of criminal recklessness. Finally, the government argues that simple possession of heroin is a felony if coupled with possession of a firearm, but the firearm would make the misdemeanor a felony, not be possessed in connection with a felony. The court sustains Mr. Pearson's objections to ¶¶ 6, 7, 16, 21, 23, 73, and 74 of the presentence report. Mr. Pearson's offense level is decreased by 3 levels (with the

third level coming on the government's oral motion at the sentencing hearing) to reflect his clear and timely acceptance of responsibility, U.S.S.G. § 3E1.1, producing a final adjusted offense level of 21.

One criminal history point is assessed for Mr. Pearson's 2003 probationary sentence for misdemeanor drunk driving, U.S.S.G. § 4A1.1(c). Two points are assessed for his eventual one-year sentence in 2004 (with a probation revocation in 2005) for felony operating while intoxicated, U.S.S.G. § 4A1.1(b), and 2 more points are assessed for his net 6 month sentence in 2005 for escape. Id. Two criminal history points are assessed because Mr. Pearson was under court supervision when he committed this crime, U.S.S.G. § 4A1.1(d), and another point is assessed because he committed this crime less than 2 years after his release from custody on his escape sentence. U.S.S.G. § 4A1.1(e). Those 8 criminal history points[1] place Mr. Pearson in criminal history category IV, so the sentencing guidelines recommend a sentencing range of 57 to 71 months' imprisonment. U.S.S.G. § 5A.

The court is to determine the sentence pursuant to 18 U.S.C. § 3553, United States v. Booker, 125 S. Ct. 738 (2005). Accordingly, the court turns to the statutory factors, seeking a reasonable sentence: one sufficient, but not greater than necessary, to satisfy the purposes of the sentencing statute. 18 U.S.C. §

---

[1] Before the 2007 amendments to the guidelines, 1 point each would have been assessed for Mr. Pearson's 2 probationary sentences in 2003 for false informing. U.S.S.G. § 4A1.1(c). Following the 2007 amendments, those points are not assessed. U.S.S.G. § 4A1.2(c)(1).

3553(a). Mr. Pearson argued those factors to the court, and the court must evaluate them. Nonetheless, it means something that neither side argued that a reasonable sentence is to be found outside the advisory range.[2]

*1. Nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1).* Even though Mr. Pearson did not choose to possess the guns, he did so. He also possessed heroin, fled from police with 2 loaded firearms and drugs, and very actively resisted. He also testified against Mr. Mohammad in the state prosecution of Mr. Mohammad.

*2. Defendant's history and characteristics, 18 U.S.C. § 3553(a)(1).* Mr. Pearson is 24 years old. He is unmarried with one child, in whose life he has been active. His health is good, but his history of substance abuse is bad. He has earned his GED. His lengthy criminal history was already noted. At his sentencing hearing, Mr. Pearson spoke eloquently about his decision to turn his life around. He has not, of course, had the opportunity to prove that he has turned his life around.

---

[2] As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable.

United States v. Gall, 128 S. Ct. 586, 596-597 (2007).

*3. Need for the sentence to reflect the offense's seriousness, 18 U.S.C. § 3553(a)(2)(A).* The sentencing guidelines ordinarily are the best indication of the crime's seriousness. Mr. Pearson objects to the court making such a statement because it smacks of treating the sentencing guidelines as presumptively correct. No such implication is intended; it is simply a statement of fact that in most cases, the record contains no indication — apart from the advisory guidelines — of what sentence might be needed to reflect the seriousness of the crime for which the defendant is being sentenced. In this case, Mr. Pearson notes accurately that the guidelines might be off considerably because they treat his prior convictions for operating while intoxicated and escape by failure to return to a halfway house as crimes of violence. *See* United States v. Sperberg, 432 F.3d 706, 708 (7th Cir. 2005); United States v. Bryant, 310 F.3d 550, 552-554 (7th Cir. 2002). Were they not so treated, his base offense level would be 14 rather than 24. While Mr. Pearson's prior crimes involve conduct that presents a serious potential risk of physical injury to another, they are among the least violent on the spectrum of crimes of violence, at the other end from crimes such as murder or rape. And the court agrees in principle with Mr. Pearson's argument. On the other hand, Mr. Pearson's advisory range doesn't reflect the presence of 15 bags of heroin, that the weapons were loaded, or that Mr. Pearson required police to subdue him while he was armed with 2 loaded firearms. On balance, and with full cognizance of the

particular facts of this case, the advisory range accurately reflects the seriousness of Mr. Pearson's criminal conduct.

*4. Need for the sentence to promote respect for the law, 18 U.S.C. § 3553(a)(2)(A).* The sentencing guidelines ordinarily are the best indication of the need to promote respect for the law. Here, too, there is no other indication.

*5. Need for the sentence to provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A).* The sentencing guidelines ordinarily are the best indication of the appropriate punishment for the offense. Analysis on this point is the same as with respect to the seriousness of the offense.

*6. Need for the sentence to afford adequate deterrence to criminal conduct by others, 18 U.S.C. § 3553(a)(2)(B).* The perspective of a lone district judge is limited, but this court sees many prosecutions of people who possessed firearms despite legal prohibitions, suggesting a significant need to deter others.

*7. Need for the sentence to protect the public from further crimes by the defendant, 18 U.S.C. § 3553(a)(2)(C).* Mr. Pearson's statements at his sentencing hearing provide the court with considerable hope that Mr. Pearson will not be involved in future crimes. The frequency of his prior contacts with the law, though, amounts to strong indication that but for the post-sentence success for which we all hope, concern about future crimes is warranted.

*8. Need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment effectively, 18 U.S.C.*

*§ 3553(a)(2)(D).* Mr. Pearson would benefit from treatment for substance abuse, particularly alcohol. That treatment might be better provided through supervision than through incarceration.

   *9. Kinds of sentences available. 18 U.S.C. § 3553(a)(3).* The court has the authority to select any reasonable sentence from time served to 10 years.

   *10. Sentencing range established by the sentencing guidelines, 18 U.S.C. § 3553(a)(4)(A).* The guidelines recommend a sentencing range of 57 to 71 months.

   *11. Any policy statements issued by the sentencing commission, 18 U.S.C. § 3553(a)(5).* Neither side has cited to any pertinent policy statements.

   *12. Need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6).* The sentencing guidelines provide the best hope for avoiding such disparities on a national basis. United States v. Boscarino, 437 F.3d 634, 638 (7th Cir. 2006). Mr. Pearson's case presents the unusual circumstance of a parallel state prosecution of a confederate against whom Mr. Pearson testified. Mr. Pearson's sentence was set over to allow the state court to sentence Mr. Muhammad, and the court sentenced Mr. Muhammad to 18 years' imprisonment — roughly the equivalent of a federal 120-month sentence when good time credit differences are accounted for. This court does not know what criminal history accompanied Mr. Muhammad into the state courtroom.

*13. Need to provide restitution to any victims of the offense, 18 U.S.C. § 3553(a)(7).* Restitution is not an issue in this case.

Review of the factors specifically set forth in 18 U.S.C. § 3553(a) persuade the court that in light of the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense and to provide just punishment and to promote respect for the law, and the range recommended by the guidelines, a sentence within the recommended sentencing range is reasonable, and the sentence at the low end of the range, or 57 months, is appropriate.

A 2-year supervised release term is appropriate. Mr. Pearson cannot pay the fines required by the guidelines even if afforded the most generous of installment payment schedules, so the court imposes no fine. A special assessment of $100.00 is mandatory. 18 U.S.C. § 3013.

Accordingly, it is the judgment of the court that the defendant, Cedric Pearson, Jr., is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 57 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 2 years. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which he is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the fifteen standard conditions of supervised release that have been adopted by this court, and shall comply with the following additional conditions:

1. the defendant shall submit to one drug urinalysis within 15 days after being released on supervision and two periodic tests thereafter;

2. the defendant shall not possess a firearm or destructive device;

3. the defendant shall not consume alcoholic beverages or any mood altering substances, which condition overrides the "no excessive use of alcohol" language of Standard Condition # 7; and

4. the defendant shall participate in a substance abuse treatment program, which may include urine testing, under a co-payment plan that shall not exceed an amount determined by the Probation Officer's Sliding Scale for Monthly Co-Payment.

Because the defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the sentencing guidelines, the court imposes no fine.

The defendant shall pay to the United States a special assessment of $100.00, which shall be due immediately.

ENTERED:  January 10, 2008

                          /s/ Robert L. Miller, Jr.
                          Robert L. Miller, Jr., Chief Judge
                          United States District Court

cc:   C. Pearson
      R. Truitt
      J. Barrett
      USM
      USPO